UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL KROHN,

    Plaintiff,                 Case No.:

vs.

SUN COAST POLICE BENEVOLENT
ASSOCIATION, INC. and FLORIDA
POLICE BENEVOLENT ASSOCIATION, INC.

    Defendants,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL KROHN, (hereinafter known as "PLAINTIFF"), by and through his undersigned counsel and sues the Defendants, SUN COAST POLICE BENEVOLENT ASSOCIATION, INC., (hereinafter known as "SCPBA") and FLORIDA POLICE BENEVOLENT ASSOCIATION, INC. (hereinafter known as "FLPBA"), collectively known as ("DEFENDANTS") and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391 and § 1367.

### PARTIES

3. Plaintiff resides in Hillsborough County, Florida.

4. SCPBA is a Florida not-for-profit corporation, authorized and doing business

in Pinellas County, Florida.

5. FLPBA is a Florida not-for-profit corporation, authorized and doing business in Pinellas County, Florida.

6. Defendants are joint employers and/or a common or integrated enterprise.

## ADMINISTRATIVE PREREQUISITES

7. Plaintiff timely filed Charges of Discrimination with the Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR).

8. On February 19, 2020, the EEOC issued Notices of Right to Sue related to Plaintiff's Charges of Discrimination. Copies of the Charges of Discrimination and Dismissals are attached as **Exhibit A**. This Complaint has been filed within ninety (90) days of the issuance of the Notices of Right to Sue.

9. All conditions precedent to bringing this action have occurred under the Age Discrimination in Employment Act as more than sixty (60) days have passed since the filing of Plaintiff's Charge of Discrimination.

10. Plaintiff intends to move for leave of court to file his claims under Fla. Stat. Chap. 760 once the 180 days have passed since filing the Charge of Discrimination.

## GENERAL ALLEGATIONS

11. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

12. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

13. Plaintiff requests a jury trial for all issues so triable.

## FACTS

14. Plaintiff is a fifty (50) year old male.

15. Defendants are a statewide not-for-profit law enforcement union.

16. Plaintiff began his employment on or about July 31, 2006, in the position of Executive Director/General Counsel pursuant to a written Employment Contract. The contract provided for a three- year initial term.

17. The contract was repeatedly renewed by Defendant on or about the following dates, July 31, 2009, July 31, 2013, August 29, 2016, and July 25, 2019. In addition, upon each renewal Plaintiff earned increases in his annual compensation of no less than 5% per year.

18. Plaintiff regularly and routinely was recognized and rewarded for his positive performance in connection with his job duties and responsibilities.

19. As result of Plaintiff's continued positive performance, both Defendants financially benefitted by a continued growth in their union membership as a direct result of Plaintiff's efforts.

20. Plaintiff and Defendant entered and executed, as the latest renewal, the contract that forms the basis of this action on July 25, 2019, to be effective July 31, 2019. Again, as in the past renewals, with increasing compensation and benefits. A copy of the Employment Contract is attached as **Exhibit B**.

21. On November 13, 2019, just over three months after the most recent renewal contract was entered into, Plaintiff without warning, notice, reprimand or discipline was terminated by George Lofton, President of Defendant, SCPBA and Nicholas Marolda, Sgt-In-Arms of Defendant, FLPBA.

22. At the time of his termination, Plaintiff had an entirely unblemished personnel file and had received many accolades throughout his employment, even just prior to his termination.

23. Plaintiff was never disciplined, reprimanded or counseled during his thirteen-plus year career with Defendants.

24. Additionally, during the middle of October 2019, on at least two occasions, President George Lofton stated to Plaintiff "if I were you, I would start looking for another job." When Plaintiff asked why? Lofton stated to Plaintiff "that Vice President Johnathan Vasquez (soon-to-be president effective January 1, 2020) wants to change the face of the union to appease the younger members at St. Petersburg Police Department."

25. Lofton further stated that the "younger members are tired of seeing the President's gavel passed from one senior (older) president to another."

26. Plaintiff then stated to Mr. Lofton, "what does that have to do with me?" And reminded Mr. Lofton that he has done nothing wrong and is under an employment contract.

27. Lofton replied, "I know, you have done nothing wrong and there is nothing to worry about as long as I am president."

28. Then on or about October 30, 2019, during a phone call Plaintiff had with Mr. Lofton, Mr. Lofton verbally ensured there was nothing wrong when he stated, "don't worry, I have your back." Plaintiff then followed up with a text message to Mr. Lofton stating, "Thanks again for listening and your (sic) support."

29. Sometime shortly prior to November 13, 2019, President, George Lofton, confirmed with Plaintiff that he would be prematurely stepping down as president and turn over the post to the substantially younger vice president, Jonathan Vasquez, a thirty-two-year-old male, who "according to the tea leaves" is " looking to get rid of Plaintiff for someone younger."

30. Then, on November 13, 2019, President Lofton and Sgt-in-Arms arbitrarily terminated Plaintiff's employment and refused to provide any reason why or "just cause" as

4

required by Plaintiff's employment contract; despite Plaintiff asking Defendants numerous times to provide a reason, Mr. Lofton just responded, "we do not want to go down that road.".

31. Plaintiff was immediately replaced by a thirty-five (35) year old female with very limited or no prior union or labor/employment law experience.

32. On January 1, 2020, President George Lofton issued an announcement to all PBA membership announcing his premature departure and his and Plaintiff's younger replacement stating: "The names on the bottom of this letterhead represent hard work, integrity and new eyes. They are <u>younger, fresher, and have the same years on as the majority of our members.</u>"

## COUNT I
## AGE DISCRIMINATION PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT AS TO BOTH DEFENDANTS

33. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 –32.

34. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act.

35. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of his age in violation of the Age Discrimination in Employment Act.

36. The comments and conduct of Defendants constitute unlawful discrimination.

37. Defendants knew or should have known of the discrimination.

38. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law including judgment against Defendants for back pay and benefits, front pay and benefits, liquidated damages, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim

and such other relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT AS TO DEFENDANT
## SUN COAST POLICE BENEVOLENT ASSOCIATION, INC.

39. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 –32.

40. That on or about July 31, 2019, the parties entered into an Employment Agreement executed by both Mr. Lofton and Plaintiff.

41. Plaintiff performed all of the conditions and obligations under the Agreement.

42. The Defendant SCPBA failed in its contractual duties to perform its obligations under the Agreement.

43. The actions of Defendant SCPBA constitute a breach of the Employment Agreement and/or contract between the parties.

44. Defendant SCPBA has failed and refused to tender payment of the remaining balance of the agreement as required by Section 6d.

45. Defendant SCPBA failed to give written notification at time of termination specifically stating facts and circumstances surrounding and supporting just cause for termination as required pursuant to Section 6b.

46. Defendant SCPBA did give Plaintiff a document containing the purported reasons for termination days afterward. However, no such reasons constitute just cause as required under the Agreement nor was the termination made in good faith as required pursuant to the agreement.

47. As a direct and proximate result of the Defendant's SCPBA breach of the agreement, the Plaintiff has sustained damages, including but not limited to the loss of wages, benefits and entitlements under the agreement and consequential damages; to include but not limited to, defamation of Plaintiff's character by the Defendant publishing false allegations about

Plaintiff's termination to all of Plaintiff's clients and union members.

48. As a result of the breach of the Employment Agreement by Defendant SCPBA, Plaintiff, has retained the undersigned counsel and is obligated to pay them costs and attorneys' fees.

49. Plaintiff is entitled to fees and costs pursuant to Florida Statutes Chapter 448.08 as Defendant SCPBA has failed to pay Plaintiff his earned compensation pursuant to paragraph 6d. of the Agreement despite demand to do so.

WHEREFORE, Plaintiff demands judgment against Defendant SCPBA for compensatory and consequential damages and attorneys' fees and costs, and such other relief to which the Plaintiff may be justly entitled.

Dated this 6th day of April 2020.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff